## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AARON LEVI SHAW,

    Plaintiff,

v.                                Case No: 8:20-cv-2492-CEH-CPT

TAMPA BAY ADULT
CONGENITAL CENTER and JOEL
HARDIN,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [Doc. 7]. There, Defendants argue that Plaintiff does not have a private cause of action, that the allegations of the complaint are insufficient, that Plaintiff failed to serve the complaint within 90 days, and failed to comply with the pre-suit notice and investigation requirements of Chapter 766 of the Florida Statutes. *Id.* The Court, having considered the motion and being fully advised in the premises, will **GRANT** Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law.

**Background**[1]

---

[1] The following statement of facts is derived from Plaintiff's Complaint [Doc. 1], the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.,* 711 F.2d 989, 994 (11th Cir. 1983).

Plaintiff, Aaron Levi Shaw, is a congenital heart disease patient. [Doc. 1 at p. 4]. Because he has congenital heart diseases, he alleges that he is entitled to comprehensive lifetime congenital heart disease treatment, caregiving, and insurance. *Id.* He also alleges that on April 18, 2018, while at the Tampa Bay Adult Congenital Center, Dr. Joel Hardin denied him access to insurance as a congenital heart disease patient and denied him treatment and caregiving according to the Congenital Heart Futures Reauthorization Act. *Id.* He is seeking access to congenital heart disease caregiving and treatment, as well as compensation for pain and suffering and transportation to doctor's visits. *Id.*

Defendants have moved to dismiss the complaint. [Doc. 7]. They argue that the Congenital Heart Futures Reauthorization Act does not create a private cause of action and that the Complaint fails to include sufficient allegations that would establish any viable cause of action against the Defendants. *Id.* ¶¶ 6, 7. They also argue that Plaintiff failed to comply with the pre-suit requirements for a medical malpractice action, failed to bring this action within the limitations period, and failed to serve the complaint within ninety days as required by Rule 4(m), Federal Rules of Civil Procedure. *Id.* ¶ 8. Plaintiff has not filed a response.[2]

## Legal Standard

---

[2] On May 20, 2021, Defendants notified the Court that they served two (2) copies of their Motion to Dismiss upon Plaintiff: one via electronic mail and one via certified mail, along with the Order directing a response, and that Plaintiff responded to Defendants' electronic email correspondence, on May 18, 2021, thereby acknowledging receipt. [Doc. 14].

On a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). However, legal conclusions "are not entitled to the assumption of truth" and "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *McArdle v. City of Ocala*, 418 F. Supp. 3d 1004, 1006 (M.D. Fla. 2019) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), then quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). When considering a motion to dismiss, the court ordinarily will not look beyond the four corners of the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "[T]he . . . court may [also] consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). This standard is satisfied when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). By contrast, dismissal is appropriate when "no construction of the factual allegations will support the cause of

3

action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1305, 1308 (11th Cir. 2006) (quoting *Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).[3]

A complaint may also be subject to dismissal for other reasons. Specifically, "[w]hen a defendant is not served within 90 days of filing of the complaint, the district court, on motion or on its own after notice to the plaintiff, must either dismiss the action without prejudice or order that service be made by a specified time." *Townsend v. Veterans Affs. Reg'l Off.*, No. 19-12838, 2021 WL 2769205, at *1 (11th Cir. July 1, 2021) (citing Fed. R. Civ. P. 4(m)); *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007) ("A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)."). "Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or . . . in the defendant's answer." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

## Discussion

The Court will first address the failure to timely serve the complaint. The complaint was filed on October 26, 2020. [Doc. 1]. However, there is no indication

---

[3] Generally, a court "must give a plaintiff at least one opportunity to amend the complaint before dismissing the action with prejudice." *Smith v. City of Fort Pierce*, No. 2:18-CV-14147, 2018 WL 5787269, at *5 (S.D. Fla. Nov. 5, 2018).

that it has been served on Defendants and Defendants have raised untimely service in their motion to dismiss. Pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Plaintiff has not served the complaint on Defendants, dismissal without prejudice is warranted.

The complaint is also subject to dismissal for other reasons. Upon review of 42 U.S.C. § 280g-13, titled "the National congenital heart disease research, surveillance, and awareness," the Court agrees with Defendants that no private cause of action exists. "The question of the existence of a statutory cause of action is, of course, one of statutory construction." *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1294 (11th Cir. 2015). "Congressional intent to create a private right of action will not be presumed. There must be clear evidence of Congress's intent to create a cause of action." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1345 (11th Cir. 1997).

> In determining whether [an implied **private** right of action] exists, th[e] court considers the following questions:
>
> (1) is the plaintiff one of the class for whose *especial* benefit the statute was enacted; (2) is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; (3) is it consistent with the underlying purposes of the legislative scheme to imply a remedy for the plaintiff; and (4) is the cause of action one traditionally relegated to state law, in an area basically the

5

> concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law.

*Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012). Hence, "legislative intent to create a private right of action [i]s *the* touchstone of its analysis." *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002).

The legislation sets forth various responsibilities imposed on the Secretary of Health and Human Services as it relates to congenital heart diseases. *Id.* As Defendants point out, the legislation directs the Secretary of the Department of Health and Human Services, as appropriate, to enhance and expand research and data collection efforts related to congenital heart disease. *Id.* While it appears that Plaintiff is an individual the legislation was intended to benefit, the legislation does not contain any provision with respect to a patient being entitled to comprehensive lifetime congenital heart disease treatment. Instead, it states that the Secretary may award grants to entities to undertake the activities described in this section, including care of individuals with such disease, and that entitles may be eligible for grants. *Id.* Upon review of 42 U.S.C. § 280g-13, there is no discernible intent of the legislature to create a private right of action. Because no private cause of action exists under 42 U.S.C. § 280g-13, Plaintiff's cause of action against Defendants fails as a matter of law. Thus, the complaint is subject to dismissal. *See McQueary v. Child Support Enf't*, 812 F. App'x 911, 914–15 (11th Cir. 2020) (finding that Child Support Recovery Act of 1992, the Deadbeat Parents Punishment Act of 1998, and Title 45 of the Code of Federal Regulations did not provide for a private right of action against the state of Florida or its child support

enforcement agencies for failure to enforce a child support order or prosecute an individual for failing to pay a child support order and court did not have jurisdiction to entertain such claims by Plaintiff); *Molina v. Aurora Loan Servs., LLC*, 635 F. App'x 618, 628 (11th Cir. 2015) (dismissing under Troubled Asset Relief Program and Home Affordable Modification Program claims as Congress did not provide for a private right of action against non-governmental entities).[4]

Because no private cause of action exists, allowing Plaintiff to amend his complaint would be futile. Amendment is futile when the complaint as amended would still be properly dismissed. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). "Leave to amend . . . need not be granted where amendment would be futile." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000). Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [Doc. 7] is **GRANTED**. Plaintiff's complaint is dismissed, as no private cause of action exists under 42 U.S.C. § 280g-13.

**DONE AND ORDERED** in Tampa, Florida on July 19, 2021.

---

[4] The Court acknowledges the arguments as to the statute of limitations and lack of compliance with pre-suit notice requirements for medical malpractice actions. However, because Plaintiff does not have a right to assert a claim pursuant to 42 U.S.C. § 280g-13, the Court need not address such issues.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any